STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY (State Bar No. 161647)
drozansky@stroock.com
CRYSTAL Y. JONELIS (State Bar No. 265335)
cjonelis@stroock.com
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:  310-556-5800
Facsimile:  310-556-5959
Email:      lacalendar@stroock.com

Attorneys for Plaintiff
 FELD MOTOR SPORTS, INC.

FILED
CLERK, U.S. DISTRICT COURT
FEB - 8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELD MOTOR SPORTS, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>FLYING DISC PRODUCTIONS, LLC, a Nevada limited liability company,<br><br>                    Defendant. | Case No. CV13- 00959 JST (MLGx)<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br><br>**(2) FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br><br>**(3) FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c);**<br><br>**(4) FEDERAL CYBERPIRACY UNDER 15 U.S.C. § 1125(d)**<br><br>**(5) CALIFORNIA TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247;**<br><br>**(6) CALIFORNIA UNFAIR COMPETITION UNDER CAL. BUS & PROF. CODE §§ 17200 AND 17500, *et seq.*, AND CALIFORNIA COMMON LAW; AND**<br><br>**(7) CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

NY 74394108

Plaintiff Feld Motor Sports, Inc. ("FMS"), by and through its undersigned counsel, states as follows for its complaint against Defendant Flying Disc Productions, LLC ("Flying Disc"):

## THE PARTIES

1.  Plaintiff FMS is a Delaware corporation with its principal place of business at 4255 Meridian Parkway, Aurora, IL 60504.

2.  Defendant Flying Disc is a Nevada limited liability company. On information and belief, Flying Disc has its principal place of business at 284-C East Lake Mead Parkway, Henderson, NV 89015.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over FMS' federal claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has subject matter jurisdiction over FMS' California state law claims pursuant to 28 U.S.C. § 1367 and principles of supplemental jurisdiction, because FMS' state law claims are part of the same case or controversy, under Art. III of the U.S. Constitution, as FMS' federal claims.

4.  This Court has personal jurisdiction over Flying Disc pursuant to Cal. C.C.P. § 410.10, because Flying Disc purposely directed its activities towards the state of California and this case arises out of, and has a substantial connection with, Flying Disc's activities in California. As set forth below, Flying Disc has infringed FMS' trademarks and service marks in the state of California by, *inter alia*, marketing, promoting, selling tickets for, and conducting a live entertainment event in Ventura, California under the name "Monster Jam Fest."

5.  Venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 84(c).

## FMS' REGISTERED MARKS

6.  FMS is the owner of U.S. Trademark Registration No. 2,116,431, duly issued by the United States Patent and Trademark Office (USPTO) on November 25,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 1 -

1997, for the service mark MONSTER JAM, for entertainment services including outdoor motor sporting events, such as car, truck and motorcycle racing, in International Class 41. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on April 23, 2003, when FMS' predecessor-in-interest filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on November 4, 2003. A copy of Registration No. 2,116,431 is annexed hereto as Exhibit A.

7.      FMS is the owner of U.S. Trademark Registration No. 2,264,886, duly issued by the USPTO on July 27, 1999 (corrected on February 6, 2001), for the trademark INSIDE MONSTER JAM, for pre-recorded audio visual tapes and disks featuring sports programs, in International Class 9. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on January 7, 2005, when FMS' predecessor-in-interest filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on February 3, 2006. A copy of Registration No. 2,264,886 is annexed hereto as Exhibit B.

8.      FMS is the owner of U.S. Trademark Registration No. 3,075,088, duly issued by the USPTO on April 4, 2006, for a trademark and service mark comprising an illustration with the literal elements MONSTER JAM UNITED STATES HOT ROD ASSOCIATION, for various products and services relating to motor sports events in International Classes 9, 16, 25, 28 and 41. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on October 25, 2011, when FMS filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on December 2, 2011. A copy of Registration No. 3,075,088 is annexed hereto as Exhibit C.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

9.     FMS is the owner of U.S. Trademark Registration No. 3,150,449, duly issued by the USPTO on October 3, 2006, for the trademark MONSTER JAM, for various products relating to motor sports events in International Classes 9, 25 and 28. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on October 25, 2011, when FMS filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on December 2, 2011. A copy of Registration No. 3,150,449 is annexed hereto as Exhibit D.

10.     FMS and its predecessors-in-interest have continuously used and been associated with the mark MONSTER JAM since 1992; have continuously used and been associated with the mark INSIDE MONSTER JAM since 1997; and have continuously used and been associated with the design mark MONSTER JAM UNITED STATES HOT ROD ASSOCIATION (U.S. Reg. No. 3,075,088) since 1999 (collectively referred to herein as "the MONSTER JAM Marks"). As set forth above, all of the MONSTER JAM Marks have become incontestable under 15 U.S.C. §§ 1065 and 1115(b).

11.     Since at least as early as 1999, FMS and its predecessors-in-interest have continuously and extensively used the MONSTER JAM Marks throughout the United States to identify their live monster truck shows and associated goods and services. FMS' MONSTER JAM shows electrify crowds with breathtaking stunts and the awesome power of the world's most popular monster trucks. For decades, MONSTER JAM has been one of the biggest and most successful touring family shows in the nation, and it is still growing. Each year more than 325 MONSTER JAM shows, attended by over four million fans, are presented in stadia and arenas throughout the United States.  By way of example in California alone, MONSTER JAM has appeared locally in Los Angeles, Anaheim, San Diego, Santa Rosa, Oakland, San Francisco and Sacramento.  And, in Nevada, the state of incorporation

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 3 -

of defendant Flying Disk, MONSTER JAM has appeared in Reno and Las Vegas, where the famed MONSTER JAM WORLD FINALS have been presented.

12.   There is extensive publicity and promotion of FMS' MONSTER JAM shows and products under the MONSTER JAM Marks. Nationwide, FMS spends greater than $10 million per year on print, radio, television, online, and other forms of advertisement for its MONSTER JAM services and products.

13.   FMS' MONSTER JAM shows are extensively broadcast on national television networks, throughout the United States. For instance, in 2012 alone, the national SPEED cable network aired over 300 hours of MONSTER JAM coverage, with more than 20 million viewers throughout the United States. That same year, for the sixth consecutive season, CBS Sports aired a program of highlights and behind-the-scenes footage from the 2012 MONSTER JAM tour.

14.   Due to the extensive popularity of MONSTER JAM, numerous high-profile companies and organizations pay FMS for the opportunity to be "sponsors" of MONSTER JAM. Currently, the MONSTER JAM tour is sponsored by Advance Auto Parts®, a national retailer of automotive parts and related products. The tour is, accordingly, identified in media as the "Advance Auto Parts® MONSTER JAM" tour.   Various other high-profile organizations pay FMS for the opportunity to sponsor MONSTER JAM, including Mattel®, Lucas Oil Products®, Herculiner®, NGK Spark Plugs®, and Universal Technical Institute®.

15.   Also due to the high popularity of MONSTER JAM, numerous high-profile companies and organizations pay FMS to be licensees of the MONSTER JAM Marks. Currently, FMS licenses the MONSTER JAM Marks to over 50 companies worldwide in more than seven consumer product categories. Key licensees include Mattel®, which produces a line of replica MONSTER JAM vehicles and playsets; Activision®, which produces MONSTER JAM video games; and K'NEXTM, which produces MONSTER JAM toy construction sets. The products marketed by FMS' licensees are available at retailers nationwide, and are

- 4 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  highly successful. For instance, to date, Mattel has sold over 100 million replica
2  MONSTER JAM vehicles nationwide.

3      16.    FMS' revenues obtained from services and goods rendered under the
4  MONSTER JAM Marks are well in excess of $87 million for the calendar year
5  ending December 2012. FMS' revenues for licensing the MONSTER JAM Marks to
6  third parties are well in excess of $4,000,000 for the same period.

7      17.    As a result of the popularity of MONSTER JAM, there has been
8  substantial unsolicited promotion of MONSTER JAM, which is not paid for by FMS.
9  For example, print publications of national importance, including the *New York*
10 *Times*, have published stories relating to, and photographs of, MONSTER JAM.
11 Moreover, MONSTER JAM has been featured on various national television
12 programs, including Fox Business News (FBN), Fox & Friends (FNN), Late Night
13 with Conan O'Brien (NBC), America's Toughest Jobs (NBC), Extreme Makeover
14 Home Edition (ABC), and Destroy Build Destroy (Cartoon Network) and Cupcake
15 Wars (Food Network) and Ultimate Cake Off (TLC).

16     **DEFENDANT'S WRONGFUL CONDUCT**

17     18.    In order to protect against any potential loss of the distinctiveness of the
18 famous MONSTER JAM Marks, FMS has an enforcement program by which it
19 notifies potential infringers or diluters of the MONSTER JAM Marks. As part of its
20 enforcement program, on or about early September 2012, FMS became aware that
21 Flying Disc was using the designation "Monster Jam Fest" in connection with its
22 marketing and promotion of a live entertainment event to be held on October 28,
23 2012 in Ventura, California. FMS learned that Flying Disc was using the "Monster
24 Jam Fest" designation to promote this event on its website,
25 www.monsterjamfest.com, on its Facebook page www.facebook.com/
26 MonsterJamFest, and in print media.

27     19.    Excerpts from Flying Disc's "Monster Jam Fest" website, as accessed at
28 the URL www.monsterjamfest.com in early September 2012, are attached as Exhibit

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 5 -

NY 74394108

E to this Complaint. According to domain name lookup service, www.whois.com, the domain name www.monsterjamfest.com was registered on April 30, 2011 by Ezio Van Horst, who (according to the Nevada Department of State) is a "Managing Member" of Flying Disc. As can be seen from Exhibit E, each page of the Monster Jam Fest website included a header with the name "Monster Jam Fest," in very large font, on the top half of the page. The term "Monster Jam Fest" also appears in the text of many pages. Furthermore, the website URL itself comprises the phrase "Monster Jam Fest," in lowercase letters with the spaces removed. The website states that the "Monster Jam Fest" was to be an "ALL DAY EVENT" on October 28, 2012, including "Carnival Attractions," a "Haunted House," and an "Amazing Concert with 6 of the Most Killer Bands in the World." *See* Exh. E at 2. A prominent link, which appears in the header of each page, directed site visitors to a page where they could "Buy Tickets." *Id.*

20. Excerpts from Flying Disc's "Monster Jam Fest" Facebook page, as accessed at the URL www.facebook.com/MonsterJamFest in early November 2012, are attached as Exhibit F to this Complaint. As can be seen from Exhibit F, the title of this Facebook page is "Monster Jam Fest." *See* Exh. F at 1. The Facebook page was created on September 4, 2012, and states that the "Monster Jam Fest" was an "up close and personal event unlike any other you have ever attended," held on October 28, 2012 at the Majestic Theater in Ventura, California. *See* Exh. F at 6. The page includes a link to a "Ticketfly" URL, www.ticketfly.com/event/170747/, from which customers could purchase tickets to "Monster Jam Fest." *Id.* The page also includes a link to the main "Monster Jam Fest" website, www.MonsterJamFest.com *Id.*

21. On information and belief, Flying Disc used the term "Monster Jam Fest" to promote and advertise its October 28, 2012 event in a variety of print and online media. Attached as Exhibit G to this Complaint are printouts from various websites, accessed in early November 2012, in which Flying Disc's October 28,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 6 -

2012 event was promoted under the name "Monster Jam Fest." These include listings for "Monster Jam Fest" on www.Groupon.com, www.DealHandler.com, the website of popular Los Angeles radio station KROQ, kroq.cbslocal.com, and many others. On information and belief, Flying Disc also promoted its event under the name "Monster Jam Fest" in print media, including at least in the nationally-distributed music magazine *No Cover*.

22.   On information and belief, Flying Disc did, in fact, stage a live event at the Majestic Theater in Ventura, California, on October 28, 2012, under the name "Monster Jam Fest." On information and belief, Flying Disc derived substantial revenue from this event.

23.   Flying Disc's use of the designation "Monster Jam Fest" is a wrongful appropriation of FMS' famous and incontestable MONSTER JAM Marks. Flying Disc's designation includes the entire phrase "Monster Jam," which is specifically protected by FMS' incontestable U.S. Trademark Reg. Nos. 2,116,431 and 3,150,449. The only difference between Flying Disc's designation and FMS' protected marks is that Flying Disc's designation includes the additional descriptive term "fest." However, this simple, monosyllabic, generic addition, which merely denotes a "festival" or gathering (and which, as such, could easily be used to describe FMS' MONSTER JAM events), is clearly insufficient to advise consumers that Flying Disc's "Monster Jam Fest" is something other than FMS' famous MONSTER JAM. To the contrary, the predominant element of Flying Disc's designation is the phrase "Monster Jam" – i.e., the **exact phrase** covered by FMS' famous MONSTER JAM Marks. Thus, Flying Disc's "Monster Jam Fest" creates a clear likelihood that consumers will be confused as to the origin of Flying Disc's "Monster Jam Fest" services.

24.   On or about early September 2012, FMS also learned that Flying Disc had filed a U.S. Trademark Application with the USPTO for the mark "Monster Jam Fest." That application has Serial No. 85/708,695 (the "Application"), and was filed

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

NY 74394108

1   on August 21, 2012. A copy of the Application is provided as Exhibit H to this

2   Complaint. By this application, Flying Disc is seeking to register "Monster Jam Fest"

3   for use in commerce in connection with:

4   **Conducting entertainment exhibitions** in the nature of live music performances, carnival, freak show/sideshow
5   performers, local talent contests, music festivals, and the like; **Entertainment** in the nature of live music
6   performances, carnival, freak show/sideshow performers, local talent contests, music festivals, and the like;
7   **Organizing community festivals** featuring primarily live music performances, carnival, carnival freak
8   show/sideshow performers, art exhibitions, various vendors, **hot rod/car show**, haunted house, bouncy houses
9   and also providing local talent contests, costume contest, flea markets, farmers markets, food, beverage, and the like.

10
11  Exh. H at 4 (emphases added). The Application is based on use since July 16, 2012.

12  Upon information and belief, the MONSTER JAM FEST was not in use as of the

13  alleged date of first use as the services were not actually rendered until October 28,

14  2012.

15        25.    From the above excerpts of Flying Disc's Application, it is clear that

16  there is a substantial overlap between Flying Disc's use of its "Monster Jam Fest"

17  designation, and FMS' use of its famous MONSTER JAM marks. Both FMS and

18  Flying Disc operate in the area of live entertainment events. Moreover, Flying Disc is

19  specifically claiming the use of "Monster Jam Fest" in connection with live

20  automotive entertainment events (i.e., "hot rod/car show[s]"), which is one of FMS'

21  most important uses of the MONSTER JAM Marks. Thus, there is a clear likelihood

22  that Flying Disc's use of "Monster Jam Fest" will confuse consumers, in view of

23  FMS' famous MONSTER JAM Marks.

24        26.    The USPTO agrees that there is a high likelihood of confusion between

25  "Monster Jam Fest" and FMS' MONSTER JAM Marks. On December 18, 2012, the

26  USPTO issued an Office Action in the prosecution of the Application. A copy of this

27  Office Action is attached as Exhibit I to this Complaint. In the Office Action, the

28  Examiner refused to register "Monster Jam Fest" due to a likelihood of confusion

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 8 -

1   with FMS' registered marks "MONSTER JAM" and "MONSTER JAM UNITED
2   STATES HOT ROD ASSOCIATION," as well as the mark, "JAMFEST," owned by
3   third party, The Jam Brands, Inc. *See* Exh. I at 2.

4       27.    In the Office Action, the Examiner specifically found that "Monster Jam
5   Fest" was "nearly identical in appearance and commercial impression" to FMS'
6   MONSTER JAM marks (as well as to "JAMFEST"). *Id.* The Examiner further found
7   that Flying Disc's use of "Monster Jam Fest" was for "services [that] are closely
8   related" to FMS' use of MONSTER JAM, and specifically found that "all [uses]
9   involve entertainment services featuring cars and talent contents." Accordingly, the
10   Examiner found that "[b]ecause the marks are nearly identical and the services
11   provided are closely related, the similarities among the marks and the services are so
12   great as to create a likelihood of confusion among consumers as to the source of the
13   services." *Id.* As a result, the Examiner refused to register "Monster Jam Fest." *Id.*

14       28.    In view of Flying Disc's clear infringement of FMS' MONSTER JAM
15   Marks, as well as Flying Disc's improper attempt to register "Monster Jam Fest" at
16   the USPTO, FMS' in-house counsel Julie Strauss sent a cease-and-desist letter to
17   Flying Disc on September 12, 2012. A copy of this letter is attached as Exhibit J to
18   this Complaint. In the letter, Ms. Strauss advised Flying Disc that FMS viewed
19   Flying Disc's use of "Monster Jam Fest," as well as its attempt to register it at the
20   USPTO, as an infringement of FMS' intellectual property rights. *See* Exh. J at 2.
21   FMS requested that Flying Disc withdraw its trademark application, cease using the
22   mark "Monster Jam Fest" or similar marks, and cease using the website
23   www.monsterjamfest.com. *Id.* FMS requested a response by September 21, 2012. *Id.*

24       29.    Flying Disc did not respond to FMS' September 12 letter. Accordingly,
25   Ms. Strauss sent a second letter to Flying Disc on September 24, 2012. A copy of
26   that letter is attached as Exhibit K to this Complaint. In that letter, Ms. Strauss
27   reminded Flying Disc that it had not responded to the September 12 letter. Ms.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 9 -

1   Strauss stated that FMS was "prepared to take necessary action to protect our mark if
2   we do not receive a response from you by September 27, 2012." Exh. K at 2.

3       30.   Flying Disc did not respond to FMS' September 24 letter. Accordingly,
4   on October 1, 2012, FMS's outside counsel Stroock & Stroock & Lavan sent a third
5   letter to Flying Disc. A copy of that letter is attached as Exhibit L to this complaint.
6   That letter reiterated Flying Disc's demands, and requested a response by October 4,
7   2012. *See* Exh. L at 1-2.

8       31.   On October 4, 2012, Flying Disc (through its outside counsel) finally
9   responded to FMS' letters. A copy of Flying Disc's response letter is attached as
10  Exhibit M to this Complaint. In the letter, Flying Disc stated that it was "not
11  persuaded that consumers will not distinguish MONSTER JAM FEST . . . and
12  MONSTER JAM" events. Exh. M at 1. Accordingly, Flying Disc stated, "the
13  demands set forth in [FMS'] letter are declined." *Id.* at 2.

14      32.   The parties exchanged several correspondences on this matter between
15  October 4 and October 12. In an email dated October 12, 2012 (attached as Exhibit
16  N), counsel for FMS indicated that FMS does not object to Flying Disc's use of the
17  term "Monster," but could not accept its use of the phrase "Monster Jam." Flying
18  Disc never responded to that email.

19      33.   On December 4, 2012, outside counsel for FMS sent one last letter to
20  Flying Disc. A copy of that letter is attached as Exhibit O. The letter noted that
21  Flying Disc did not respond to FMS' October 12 email, and reiterated FMS'
22  demands that Flying Disc cease using the "Monster Jam" mark, withdraw the
23  Application, and assign the www.monsterjamfest.com domain name to FMS. *See*
24  Exh. O at 1-2. Outside counsel for FMS stated that this letter was the "final attempt
25  to resolve the matter" out of court, and requested a response by December 14, 2012.
26  *Id.*

27      34.   As of the filing date of this Complaint, Flying Disc still has not
28  responded to FMS' December 4, 2012 letter.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

35.    In view of the foregoing, and upon information and belief, the purpose of Flying Disc's adoption of the designation "Monster Jam Fest," in connection with providing live entertainment services, was to trade on, misappropriate and wrongfully reap the benefits of the goodwill and reputation which has attached to the MONSTER JAM Marks, by reason of FMS' substantial expenditure of time, money and effort.

36.    In view of the foregoing, and upon information and belief, it is clear that Flying Disc has no intention to cease infringing the MONSTER JAM Marks.

37.    Upon information and belief, Flying Disc's infringement of the MONSTER JAM Marks has been made in willful disregard of FMS' prior rights in the MONSTER JAM Marks.

38.    Given that Flying Disc is using the entire "MONSTER JAM" mark in connection with selling live entertainment services, there is a high likelihood that Flying Disc's services will be associated or affiliated by consumers with FMS and/or the MONSTER JAM marks.

39.    Such false suggestion and association has caused, is causing, and will continue to cause irreparable harm to FMS' reputation, and to the value of the MONSTER JAM marks.

40.    Furthermore, Flying Disc's infringement of the MONSTER JAM Marks will dilute by blurring the distinctiveness of FMS' MONSTER JAM Marks. The reputation of FMS will be impaired, and FMS will suffer negative associations through Flying Disc's infringing use of these marks.

41.    FMS has suffered irreparable harm, and will continue to suffer irreparable harm, if Flying Disc's conduct is not enjoined. FMS has no adequate remedy at law.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

42.    Count I is an action for trademark infringement under the trademark laws of the United States (Lanham Act), 15 U.S.C. § 1114. Subject matter

- 11 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

jurisdiction over this Count is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

43.   FMS repeats and realleges the allegations in paragraphs 1-41 *supra* as if fully set forth herein.

44.   FMS is the sole owner of the MONSTER JAM Marks, all of which are registered to FMS on the Principal Register of the USPTO. These registrations constitute *prima facie* evidence that the MONSTER JAM Marks are valid; that they are owned by FMS; and that FMS has the exclusive right to use the MONSTER JAM Marks in commerce on or in connection with the goods or services specified in the MONSTER JAM Marks' registrations.

45.   Furthermore, the registrations of FMS' MONSTER JAM Marks have all become incontestable under 15 U.S.C. §§ 1065 and 1115(b). This constitutes **conclusive** evidence that the MONSTER JAM Marks are valid; that they are owned by FMS; and that FMS has the exclusive right to use the MONSTER JAM Marks in commerce on or in connection with the goods or services specified in the affidavits of incontestability.

46.   Furthermore, as set forth in Paragraph 10 *supra*, FMS and its predecessors-in-interest have been continuously using some of the MONSTER JAM Marks in commerce since 1992, and have been continuously using **all** of the MONSTER JAM Marks in commence since, at the latest, 1999. Meanwhile, Flying Disc's Application represents that Flying Disc started using the designation "Monster Jam Fest" in commerce on July 16, 2012 , despite that, based upon information and belief, services were not actually rendered until October 28, 2012. *See* Exh. H at 1. Therefore, FMS clearly has priority of use of the MONSTER JAM Marks as against Flying Disc. As such, for at least this additional reason, FMS is the owner of the MONSTER JAM Marks, and has the exclusive right to use those Marks in commerce.

NY 74394108

47.    Flying Disc's infringement of FMS' MONSTER JAM marks, in the manner set forth in Paragraphs 18-41 *supra*, trades on the MONSTER JAM Marks and the goodwill associated therewith, and is likely to confuse and deceive the consuming public into believing that Flying Disc is associated with MONSTER JAM and/or FMS.

48.    The actions of Flying Disc complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Flying Disc's services are authorized by, licensed by, sponsored by, endorsed by, or otherwise associated with MONSTER JAM and/or FMS. The likelihood of confusion is particularly strong because, *inter alia*: (i) the MONSTER JAM Marks are strong, famous, incontestable marks with a high degree of consumer recognition; (ii) both FMS and Flying Disc use the MONSTER JAM Marks in connection with providing live entertainment services; and (iii) the MONSTER JAM Marks almost identical similar to Flying Disc's designation, "Monster Jam Fest" and Flying Disc has incorporated FMS' entire mark, MONSTER JAM, into its designation which also includes the generic term "fest."

49.    In view of the foregoing, and upon information and belief, the acts and conduct of Flying Disc complained of herein constitute willful and deliberate infringement of FMS' MONSTER JAM Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50.    By reason of the foregoing, FMS has been damaged and is being damaged by Flying Disc's willful infringement of the MONSTER JAM Marks. Therefore, pursuant to 15 U.S.C. § 1117(a), FMS is entitled to recover at least: (i) Flying Disc's profits earned from its infringement; (ii) FMS' damages suffered due to Flying Disc's infringement; and (iii) FMS' costs in this action.

51.    Moreover, FMS has been, and will continue to be, irreparably injured by the continued infringing acts of Flying Disc, until and unless such acts are enjoined. FMS has no adequate remedy at law. Therefore, in addition to the foregoing, Flying

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

NY 74394108

1  Disc should be preliminarily and permanently enjoined from its infringing acts under
2  15 U.S.C. § 1116.

3      52.    Finally, because FMS is clearly the true and proper owner of the
4  incontestable MONSTER JAM Marks, this Court should order the USPTO to cancel
5  Flying Disc's Application for "Monster Jam Fest," Serial No. 85/708,695, pursuant
6  to this Court's powers under 15 U.S.C. § 1119.

7              **COUNT II – FEDERAL UNFAIR COMPETITION**

8      53.    Count II is an action for false designation of origin and false or
9  misleading descriptions and representations, arising under § 43(a) of the Lanham
10  Act, 15 U.S.C. § 1125(a). Subject matter jurisdiction over this Count is based on 15
11  U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b).

12      54.    FMS repeats and realleges the allegations in Paragraphs 1-52 *supra* as if
13  fully set forth herein.

14      55.    The actions complained of herein constitute false designations of origin
15  and false descriptions, in that the designation "Monster Jam Fest," used in
16  conjunction with live entertainment events, is likely to cause confusion or to deceive
17  the consuming public as to the affiliation, connection or association of FMS's
18  MONSTER JAM Marks with Flying Disc.

19      56.    FMS has placed Flying Disc on written notice of its infringement, but
20  Flying Disc has failed to terminate its wrongful conduct.

21      57.    The foregoing acts of Flying Disc constitute unfair competition in
22  violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23      58.    By reason of the foregoing, FMS has been damaged and is being
24  damaged by Flying Disc's willful violations of 15 U.S.C. § 1125(a). Therefore,
25  pursuant to 15 U.S.C. § 1117(a), FMS is entitled to recover at least: (i) Flying Disc's
26  profits earned from its violations of 15 U.S.C. § 1125(a); (ii) FMS's damages
27  suffered due to Flying Disc's violations; and (iii) FMS's costs in this action.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

59.     Moreover, FMS has been, and will continue to be, irreparably injured by the continued unlawful acts of Flying Disc, until and unless such acts are enjoined. FMS has no adequate remedy at law. Therefore, in addition to the foregoing, Flying Disc should be preliminarily and permanently enjoined from its unlawful violations of 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1116.

### COUNT III – FEDERAL TRADEMARK DILUTION

60.     Count III is an action for trademark dilution, arising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(c). Subject matter jurisdiction over this Count is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b).

61.     FMS repeats and realleges the allegations in Paragraphs 1-59 *supra* as if fully set forth herein.

62.     The MONSTER JAM Marks are distinctive, famous, and incontestably-registered marks, which have been used and advertised continuously throughout the United States for twenty years.

63.     The MONSTER JAM Marks have received extensive publicity both as a result of the efforts of FMS, and through third-party recognition. The MONSTER JAM Marks are famously associated and extensively recognized with FMS and its live entertainment services.

64.     Meanwhile, the acts of Flying Disc set forth in Paragraphs 18-41 *supra* are clearly intended to create an association with FMS' MONSTER JAM Marks, constituting dilution by blurring of FMS' MONSTER JAM Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The MONSTER JAM Marks will suffer negative associations through Flying Disc's use of the marks in the manner set forth above.

65.     By reason of the foregoing, FMS has been damaged, and is being damaged, by Flying Disc's willful dilution of the MONSTER JAM Marks. Therefore, pursuant to 15 U.S.C. § 1117(a), FMS is entitled to recover at least: (i) Flying Disc's profits earned from its willful violations of 15 U.S.C. § 1125(c); (ii)

NY 74394108

1  FMS' damages suffered due to Flying Disc's violations; and (iii) FMS' costs in this

2  action.

3      66.    Moreover, FMS has been, and will continue to be, irreparably injured by

4  the continued unlawful acts of Flying Disc, until and unless such acts are enjoined.

5  FMS has no adequate remedy at law. Therefore, in addition to the foregoing, Flying

6  Disc should be preliminarily and permanently enjoined from its unlawful violations

7  of 15 U.S.C. § 1125(c), pursuant to 15 U.S.C. §§ 1116 and 1125(c)(1).

8  **COUNT IV – FEDERAL CYBERPIRACY**

9      67.    Count IV is an action for federal cyberpiracy, arising under 15 U.S.C. §

10  1125(d). Subject matter jurisdiction over this Count is based on 15 U.S.C. § 1121

11  and 28 U.S.C. §§ 1331 and 1338(b).

12      68.    FMS repeats and realleges the allegations in Paragraphs 1-66 *supra* as if

13  fully set forth herein.

14      69.    As set forth in Paragraphs 18-41 *supra*, Flying Disc has used and is

15  using a domain name that is identical or confusingly similar to, or dilutive of, the

16  MONSTER JAM Marks. These infringing domain names of Flying Disc include, at

17  least, its registered domain name, www.monsterjamfest.com. According to domain

18  name lookup service, www.whois.com, the domain name www.monsterjamfest.com

19  was registered on April 30, 2011 by Ezio Van Horst, who (according to the Nevada

20  Department of State) is a "Managing Member" of Flying Disc.

21      70.    Flying Disc's infringing domain names, including at least

22  www.monsterjamfest.com, are clearly confusingly similar to, and dilutive of, FMS'

23  famous and distinctive MONSTER JAM Marks.

24      71.    On information and belief, by registering and using the infringing

25  domain names, including at least www.monsterjamfest.com, Flying Disc had a bad

26  faith intent to profit from the famous MONSTER JAM Marks. This bad faith intent

27  is manifest from Flying Disc's numerous acts of infringement of the MONSTER

28  JAM Marks, as set forth above. It is also manifest from the facts that, *inter alia*: (i)

STROOCK & STROOCK & LAVAN LLP<br>2029 Century Park East<br>Los Angeles, California 90067-3086

- 16 -

Flying Disc has no valid trademark or other intellectual property rights in the infringing domain name(s); (ii) Flying Disc's use of the infringing domain name(s) is purely commercial; and (iii) the infringing domain name(s) include FMS' mark MONSTER JAM in its entirety.

72. In view of the foregoing, FMS is entitled to remedies including, at least: (i) an order pursuant to 15 U.S.C. § 1125(d)(1)(C) that Flying Disc must forfeit the infringing domain name(s), including at least www.monsterjamfest.com, and transfer same to FMS; and (ii) an award to FMS of profits, damages and costs pursuant to 15 U.S.C. § 1117(a); or (iii) an award to FMS of statutory damages pursuant to 15 U.S.C. § 1117(d).

## COUNT V – CALIFORNIA TRADEMARK DILUTION

73. Count V is an action for trademark dilution under California Business and Professions Code § 14247. Subject matter jurisdiction over this count is founded upon supplemental jurisdiction under 28 U.S.C. § 1367.

74. FMS repeats and realleges the allegations in Paragraphs 1-72 *supra* as if fully set forth herein.

75. The MONSTER JAM Marks are distinctive and famous marks, which have been used and advertised continuously in California for twenty years. As a result, the MONSTER JAM Marks are widely recognized by the consuming public of California as a designation of source of the goods or services of FMS.

76. The MONSTER JAM Marks have received extensive publicity in California both as a result of the efforts of FMS, and through third-party recognition. The MONSTER JAM Marks are famously associated and extensively recognized with FMS and its live entertainment services.

77. Meanwhile, the acts of Flying Disc set forth in Paragraphs 18-41 *supra* are clearly intended to create an association with FMS' MONSTER JAM Marks, constituting dilution by blurring of those Marks in violation of California Business

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 17 -

and Professions Code § 14247. The MONSTER JAM Marks will suffer negative associations through Flying Disc's use of the marks in the manner set forth above.

78.  By reason of the foregoing, FMS has been damaged, and is being damaged, by Flying Disc's willful dilution of the MONSTER JAM Marks. Therefore, pursuant to California Business and Professions Code § 14247(b), FMS is entitled to recover up to three times Flying Disc's profits, and up to three times FMS' damages, caused by Flying Disc's willful dilution under California Business and Professions Code § 14250(a).

79.  Moreover, FMS has been, and will continue to be, irreparably injured by the continued unlawful and diluting acts of Flying Disc, until and unless such acts are enjoined. FMS has no adequate remedy at law. Therefore, in addition to the foregoing, Flying Disc should be preliminarily and permanently enjoined from its unlawful acts of dilution pursuant to California Business and Professions Code § 14247(b).

## COUNT VI – CALIFORNIA UNFAIR COMPETITION

80.  Count VI is an action for unfair competition under California Business and Professions Code §§ 17200 and 17500, *et seq*, and the common law of the state of California. Subject matter jurisdiction over this count is founded upon supplemental jurisdiction under 28 U.S.C. § 1367.

81.  FMS repeats and realleges the allegations in Paragraphs 1-79 *supra* as if fully set forth herein.

82.  The actions complained of herein constitute false designations of origin and false descriptions, in that the designation "Monster Jam Fest," used in conjunction with live entertainment events, is likely to cause confusion or to deceive as to the affiliation, connection or association of FMS' MONSTER JAM Marks with Flying Disc. This constitutes unfair competition under California Business and Professions Code §§ 17200 and 17500, *et seq*, and the common law of the state of California.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 18 -

83.     The actions complained of herein further constitute a misappropriation of the MONSTER JAM Marks and the goodwill associated therewith, and an act of passing off Flying Disc's services under the MONSTER JAM Marks, all of which constitutes unfair competition under California Business and Professions Code §§ 17200 and 17500, *et seq*, and the common law of the state of California.

84.     Upon information and belief, the acts and conduct of Flying Disc constitute willful and deliberate unfair competition under California Business and Professions Code §§ 17200 and 17500, *et seq*, and the common law of the state of California, and will continue in willful and wanton disregard of FMS' valuable trademark rights.

85.     FMS has placed Flying Disc on written notice of its acts of unfair competition, but Flying Disc has failed to terminate its wrongful conduct.

86.     By reason of the foregoing, FMS has been damaged and is being damaged by Flying Disc's willful use of the MONSTER JAM Marks, and will continue to be damaged unless Flying Disc is enjoined from using the MONSTER JAM Marks.

87.     FMS will be irreparably injured by the continued acts of Flying Disc, until and unless such acts are enjoined. FMS has no adequate remedy at law.

## COUNT VII – COMMON LAW TRADEMARK INFRINGEMENT

88.     Count VII is an action for trademark infringement under the common law of the State of California. Subject matter jurisdiction over this Count is founded upon supplemental jurisdiction under 28 U.S.C. § 1367.

89.     FMS repeats and realleges the allegations in Paragraphs 1-87 *supra* as if fully set forth herein.

90.     FMS is the owner of the MONSTER JAM Marks, all of which are registered to FMS on the Principal Register of the USPTO. These registrations constitute *prima facie* evidence that the MONSTER JAM Marks are valid; that they are owned by FMS; and that FMS has the exclusive right to use the MONSTER JAM

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

- 19 -

Marks in commerce on or in connection with the goods or services specified in the MONSTER JAM Marks' registrations.

91.     Furthermore, the registrations of FMS' MONSTER JAM Marks have all become incontestable under 15 U.S.C. §§ 1065 and 1115(b). This constitutes **conclusive** evidence that the MONSTER JAM Marks are valid; that they are owned by FMS; and that FMS has the exclusive right to use the MONSTER JAM Marks in commerce on or in connection with the goods or services specified in the affidavits of incontestability.

92.     Furthermore, as set forth in Paragraph 10 *supra*, FMS and its predecessors-in-interest have been continuously using some of the MONSTER JAM Marks in commerce since 1992, and have been continuously using **all** of the MONSTER JAM Marks in commence since, at the latest, 1999. Thus, FMS has a protectable ownership interest in the MONSTER JAM Marks. Meanwhile, Flying Disc's Application admits that Flying Disc did not start using the designation "Monster Jam Fest" in commerce until, at the earliest, July 16, 2012. *See* Exh. H at 1. Therefore, FMS clearly has priority of use of the MONSTER JAM Marks as against Flying Disc. As such, for at least this additional reason, FMS is the owner of the MONSTER JAM Marks, and has the exclusive right to use those Marks in commerce.

93.     By reasons of all of the foregoing, FMS has acquired common law trademark rights in California in the MONSTER JAM Marks.

94.     Flying Disc's infringement of FMS' MONSTER JAM marks, in the manner set forth in Paragraphs 18-41 *supra*, trades on the MONSTER JAM Marks and the goodwill associated therewith, and is likely to confuse and deceive the consuming public into believing that Flying Disc is associated with MONSTER JAM and/or FMS.

95.     The actions of Flying Disc complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Flying Disc's services are authorized by, licensed by, sponsored by, endorsed by, or otherwise associated with MONSTER JAM and/or FMS. The likelihood of confusion is particularly strong because, *inter alia*: (i) the MONSTER JAM Marks are strong, famous, incontestable marks with a high degree of consumer recognition; (ii) both FMS and Flying Disc use the MONSTER JAM Marks in connection with providing live entertainment services; and (iii) the MONSTER JAM Marks are highly similar to Flying Disc's designation, "Monster Jam Fest."

96.     Upon information and belief, the acts and conduct of Flying Disc complained of herein constitute willful and deliberate infringements of FMS' common law trademark rights in the MONSTER JAM Marks.

97.     The foregoing acts of Flying Disc constitute infringement of FMS' common law trademark rights in the MONSTER JAM Marks under the common law of the state of California.

98.     By reason of the foregoing, FMS has been damaged and is being damaged by Flying Disc's willful use of the MONSTER JAM Marks, and will continue to be damaged unless Flying Disc is enjoined from using the MONSTER JAM Marks.

99.     FMS will be irreparably injured by the continued acts of Flying Disc, until and unless such acts are enjoined. FMS has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, FMS prays for the following relief:

A.     That Flying Disc and its parents, subsidiaries and affiliated companies, their respective officers, directors, agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from using the MONSTER JAM Marks, and from using, affixing, offering for sale, selling, advertising, promoting or rendering

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 21 -

goods or services with the MONSTER JAM Marks, "Monster Jam Fest," or any other trade name or trademark confusingly similar to the MONSTER JAM Marks;

B.     That Flying Disc and its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from use of any false descriptions or representations, or any false designations or origin, or from otherwise committing any acts of unfair competition with respect to FMS and its MONSTER JAM Marks, by using the MONSTER JAM Marks, "Monster Jam Fest," or any other trade name or trademark confusingly similar to the MONSTER JAM Marks;

C.     That Flying Disc and its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from diluting by blurring the distinctiveness and goodwill established by FMS in the MONSTER JAM Marks, by using the MONSTER JAM Marks, "Monster Jam Fest," or any other trade name or trademark confusingly similar to the MONSTER JAM Marks;

D.     That Flying Disc be ordered that all catalogs, signs, displays, labels, brochures, advertising, promotional materials and websites in Flying Disc's possession, or subject to its control, bearing the MONSTER JAM Marks, "Monster Jam Fest," or any other trade name or trademark confusingly similar to the MONSTER JAM Marks, be delivered to the Clerk of the Court for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment;

E.     That Flying Disc be ordered to withdraw and abandon its pending U.S. Trademark Application No. 85/708,695;

NY 74394108

F.    That the United States Patent and Trademark Office be ordered to abandon Flying Disc's pending U.S. Trademark Application No. 85/708,695 pursuant to 15 U.S.C. § 1119;

G.    The Flying Disc be ordered to cease using the domain name www.monsterjamfest.com, and be ordered to transfer that domain name to FMS pursuant to 15 U.S.C. § 1125(d)(1)(C);

H.    That Flying Disc be ordered to cease using the Facebook page www.facebook.com/MonsterJamFest, and be ordered to transfer that page to FMS;

I.    That Flying Disc be ordered to cease using any other domain names, websites, or web pages that include the MONSTER JAM Marks, "Monster Jam Fest," or any other trade name or trademark confusingly similar to the MONSTER JAM Marks, and be ordered to transfer same to FMS pursuant to 15 U.S.C. § 1125(d)(1)(C);

J.    That Flying Disc be ordered to report to the Court in writing under oath with a copy to FMS' attorneys within 30 days of service of notice of any Orders setting forth in detail the manner and form in which Flying Disc has complied with any Order issued hereunder;

K.    That the Court award an accounting to FMS for the profits of Flying Disc, and for the damages sustained by FMS as a result of the willful, intentional and wrongful conduct of Flying Disc;

L.    That because of the willful nature of Flying Disc's acts, the Court enter a judgment for treble the amount of the aforesaid damages;

M.    That because of the willful, intentional and wrongful nature of Flying Disc's acts, the Court award to FMS exemplary or punitive damages;

N.    That Flying Disc be required to pay FMS its costs in this action, including all costs and attorneys' fees; and

/ / /

/ / /

- 23 -

NY 74394108

O.      That FMS be granted such other and further relief as the Court deems just and proper.

Dated:  February 8, 2013

                                        STROOCK & STROOCK & LAVAN LLP
                                        DANIEL A. ROZANSKY
                                        CRYSTAL Y. JONELIS

                                        By: _____
                                                    Daniel A. Rozansky

                                        Attorneys for Plaintiff
                                        FELD MOTOR SPORTS, INC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 24 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated:  February 8, 2013

STROOCK & STROOCK & LAVAN LLP
DANIEL A. ROZANSKY
CRYSTAL Y. JONELIS

By:
_____
            Daniel A. Rozansky

Attorneys for Plaintiff
            FELD MOTOR SPORTS, INC.

- 25 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## CV13- 959 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
STROOCK & STROOCK & LAVAN LLP
Daniel A. Rozansky (SBN 161647)
drozansky@stroock.com
2029 Century Park East
Los Angeles, CA 90067-3086/Tel: 310-556-5800

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FELD MOTOR SPORTS, INC., a Delaware corporation,

PLAINTIFF(S)

v.

FLYING DISC PRODUCTIONS, LLC, a Nevada limited liability company,

DEFENDANT(S).

CASE NUMBER

CV13-00959 JST(MLtx)

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Daniel A. Rozansky_____, whose address is _2029 Century Park East, Los Angeles, CA 90067-3086_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FEB - 8 2013

Clerk, U.S. District Court

JULIE PRADO

Dated: _____

By: _____
        Deputy Clerk

        (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> FELD MOTOR SPORTS, INC., a Delaware corporation | **DEFENDANTS** <br> FLYING DISC PRODUCTIONS, LLC, a Nevada limited liability company |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> STROOCK & STROOCK & LAVAN LLP <br> Daniel A. Rozansky (State Bar No. 161647) <br> drozansky@stroock.com <br> 2029 Century Park East, Los Angeles, CA 90067 <br> Tel: 310-556-5800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114 Federal Trademark Infringement & Dilution, 15 U.S.C. § 1125 (a-d) Federal & California Unfair Competition, etc.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determ-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV13-00959

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Illinois |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 8, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C (g)) |