**STROOCK & STROOCK & LAVAN LLP**
DANIEL A. ROZANSKY (STATE BAR NO. 161647)
*drozansky@stroock.com*
CRYSTAL Y. JONELIS (State Bar No. 265335)
*cjonelis@stroock.com*
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Plaintiff
FELD MOTOR SPORTS, INC

**DENIED**
BY ORDER OF THE COURT
The Court will not enter a Judgment with the factual findings contained herein. If the parties wish to resubmit a revised proposed Judgment, they may do so.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELD MOTOR SPORTS, INC., a Delaware corporation, <br><br>Plaintiff, <br><br>vs. <br><br>FLYING DISC PRODUCTIONS, LLC, a Nevada limited liability company, <br><br>Defendant. | Case No.: **CV13-00959 JST (MLGx)** <br><br>**[PROPOSED] JUDGMENT ON CONSENT** |

NY 74456016

**[PROPOSED] JUDGMENT ON CONSENT**

Having read the Final Judgment on Consent executed by Plaintiff Feld Motor Sports, Inc. (hereinafter collectively "FMS" or "Plaintiff") and Defendant Flying Disc Productions, LLC ("Flying Disc" or "Defendant"), it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and over Defendant Flying Disc and venue in this district is proper as against Defendant.

2. FMS is the owner of, among many other trademark registrations and common law trademarks, the following valid registrations (collectively defined as the "MONSTER JAM Marks"):

- U.S. Trademark Registration No. 2,116,431, duly issued by the United States Patent and Trademark Office (USPTO) on November 25, 1997, for the service mark MONSTER JAM, for entertainment services including outdoor motor sporting events, such as car, truck and motorcycle racing, in International Class 41. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on April 23, 2003, when FMS' predecessor-in-interest filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on November 4, 2003.

- U.S. Trademark Registration No. 2,264,886, duly issued by the USPTO on July 27, 1999 (corrected on February 6, 2001), for the trademark INSIDE MONSTER JAM, for pre-recorded audio visual tapes and disks featuring sports programs, in International Class 9. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15

U.S.C. §§ 1065 and 1115(b) on January 7, 2005, when FMS' predecessor-in-interest filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on February 3, 2006.

- U.S. Trademark Registration No. 3,075,088, duly issued by the USPTO on April 4, 2006, for a trademark and service mark comprising an illustration with the literal elements MONSTER JAM UNITED STATES HOT ROD ASSOCIATION, for various products and services relating to motor sports events in International Classes 9, 16, 25, 28 and 41. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on October 25, 2011, when FMS filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on December 2, 2011.

- U.S. Trademark Registration No. 3,150,449, duly issued by the USPTO on October 3, 2006, for the trademark MONSTER JAM, for various products relating to motor sports events in International Classes 9, 25 and 28. This registration is valid, presently subsisting and in full force and effect. This registration became incontestable under 15 U.S.C. §§ 1065 and 1115(b) on October 25, 2011, when FMS filed an affidavit of incontestability pursuant to 15 U.S.C. § 1065(3) at the USPTO. The USPTO accepted the affidavit of incontestability on December 2, 2011.

3. FMS asserts in its complaint that Defendant's use of the term "Monster Jam Fest" is likely to cause confusion, mistake and/or to deceive others into erroneously believing that Flying Disc's services are authorized,

-3-

NY 74456016

licensed, sponsored and/or endorsed by, affiliated, connected and/or otherwise associated with MONSTER JAM and/or FMS, that such actions by Defendant misappropriate FMS' MONSTER JAM Marks, and Defendant's use is likely to cause the dilution of FMS' MONSTER JAM Marks and, therefore, is causing and will continue to cause injury to FMS.

4. Upon execution of this Final Judgment on Consent and subject to the terms of the Settlement Agreement between the parties, Flying Disc and its subsidiaries, divisions, licensees, assigns, and each of their directors, officers, agents, servants, employees, representatives and attorneys, and upon those persons in active concert or participate with them who receive actual notice of this Final Judgment On Consent, are hereby permanently restrained and enjoined from engaging in any advertising, promotional, marketing activities and/or rendering of any services using the term Monster Jam Fest or any other term confusingly similar to or that is likely to cause dilution of FMS' MONSTER JAM Marks.

5. This Court shall retain jurisdiction over the enforcement of this Final Judgment on Consent.

6. The parties waive all right to appeal from this Final Judgment on Consent.

7. Each party shall bear its own costs and attorney fees in connection with this Action and the Final Judgment on Consent except as may otherwise be provided in the Settlement Agreement between the parties.

Dated: _____ _____

United States District Judge

-4-

NY 74456016